IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARLOS A. CORDERO AYALA, | |
| Plaintiff, | |
| v. | CIVIL NO.: 20-1239 (MEL) |
| UNITED STATES POSTAL SERVICE, | |
| Defendant. | |

**OPINION & ORDER**

**I.      Procedural Background**

On October 5, 2020, Mr. Carlos A. Cordero Ayala ("Plaintiff") filed an amended complaint against the United States Postal Service and the Postmaster General of the United States Postal Service ("Defendants" or "USPS"). ECF No. 27. In the amended complaint, Plaintiff alleges that he was discriminated against on the basis of disability, subjected to a hostile work environment based on his disabilities and medical limitations, and retaliated against all under the Rehabilitation Act, 29 U.S.C. § 791, et seq. ECF No. 27. On February 27, 2021, Defendants filed a motion to dismiss for lack of subject matter jurisdiction and for judgment on the pleadings with regard to Plaintiff's claims. ECF No. 43. On September 20, 2021 the court granted in part and denied in part Defendants' motion to dismiss, ruling that Plaintiff had only exhausted his administrative remedies with regard to the claim that he suffered discrimination when his request for a light duty accommodation was denied, and therefore dismissing with prejudice all of Plaintiff's other claims for disability discrimination not based on his request for light duty. ECF No. 152 at 23. The court also dismissed with prejudice Plaintiff's hostile work environment claims for failure to exhaust administrative remedies and for only making

conclusory allegations in the amended complaint. ECF No. 152 at 16–21, 23. Any retaliation claim which did not arise from Plaintiff's November 4, 2017 administrative charge of discrimination with the EEOC was also dismissed for failure to exhaust his administrative remedies. ECF No. 152 at 22–23. Finally, the court also dismissed with prejudice Plaintiff's claims of discrimination, harassment, and retaliation arising from Plaintiff's Office of Workers' Compensation Claim ("OWCP") being controverted by Plaintiff's supervisor because the court lacks subject matter jurisdiction over that claim. ECF No. 152 at 23.

Pending before the court is Plaintiff's "Motion for Partial Relief Pursuant to Rule 60(B)(6)" in which Plaintiff argues for reconsideration of the court's disposition of Defendant's motion to dismiss. ECF No. 158. In said motion, Plaintiff argues that the court committed legal error in dismissing several of his claims on exhaustion grounds and limiting his disability discrimination failure to accommodate claim to his request for light duty. ECF No. 158 at 1–8. Defendant filed a response in opposition to Plaintiff's motion for reconsideration. ECF No. 160.

**II.     Legal Standard**

Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 60(b)(6) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). However, "[t]he Federal Rules of Civil Procedure do not specifically provide for the filing of motions for reconsideration." Cortes v. Burset, 319 F.R.D. 56, 61 (D.P.R. 2016). Motions for reconsideration are often nevertheless considered as motions under Fed. R. Civ. P. 59 or 60. Id. Even so, "[a] motion for reconsideration . . . 'certainly does not allow a party to introduce new evidence or advance arguments that could or should have been presented to the district court prior to the judgment.'" Marks 3–Zet–Ernst Marks GmBh & Co. KG v. Presstek, Inc., 455 F.3d

7, 15–16 (1st Cir. 2006). A motion for reconsideration may only be proper if it seeks to correct manifest errors of law, present newly discovered evidence, or when there is an intervening change in law. See Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008). A request for reconsideration will be denied if it simply brings a point of disagreement between the court and the litigant or reargues matters already properly disposed of by the court. See Burgos Salgado v. Municipal Gov't of Ciales, 2011 WL 721908, at *1 (D.P.R. Feb. 23, 2011) (citation omitted). Upon examination of Plaintiff's motion as a motion for reconsideration, Plaintiff has not correctly identified any manifest errors of law, presented no new evidence, nor has he shown an intervening change in the law. Rather, Plaintiff merely seeks to relitigate matters which were already disposed of by the court when adjudicating Defendants' motion to dismiss.

**III.   Analysis**

Plaintiff objects to the court's dismissal of Plaintiff's claims in adjudicating the motion to dismiss by arguing that the court, in contravention of Fantini v. Salem State Coll., 557 F.3d 22, 26-27 (1st Cir. 2009), did not generally discuss "in any length" whether Plaintiff's "'claims set forth in the civil complaint come within the scope of the EEOC investigation which can be reasonably expected to grow out of the charge of discrimination.'" ECF No. 158 at 2. Plaintiff does not specify which of his claims were not properly discussed, and Plaintiff's argument is only an attempt to relitigate an issue that was clearly disposed of in the court's opinion and order on Defendant's motion to dismiss.

In its opinion and order, the court cited Fantini and Thornton v. United Parcel Serv., Inc. in support of the precept that in a civil action for discrimination "the scope of the civil complaint is accordingly limited by the charge filed with the EEOC and the investigation which can reasonably be expected to grow out of that charge." ECF No. 152 at 16–17 (citing Thornton v.

3

United Parcel Serv., Inc., 587 F.3d 27, 32 (1st Cir. 2009); Fantini, 557 F.3d at 27) (internal quotations omitted). In analyzing whether Plaintiff exhausted his administrative remedies with regard to his hostile work environment claim, the court concluded that Plaintiff's EEOC administrative charge "did not include any allegations of hostile work environment . . . nor can such allegations reasonably be expected to grow out of those contained in said charge." ECF No. 152 at 18. In his motion for reconsideration, Plaintiff again cites to his EEOC affidavit which he included as an exhibit to his response in opposition to Defendant's motion to dismiss and which was considered by the court. ECF No. 70-1; ECF No. 152 at 17; ECF No. 158 at 4. As such, this affidavit does not constitute "newly discovered evidence" or address an issue not already disposed of by the court.

> In the affidavit, Plaintiff alleges that
>
> "Since my first day at Caparra Height Station, on February 20, 2016, . . . . I felt harassed and intimidated by the supervisor [Hector Quinones] [sic] and it caused my emotional and psychological damages to worsen, including the continued objection to my claims for OWCP, including by his objection on May 2017 to my claim [for a reasonable accommodation] and his allegations that I abandoned work."

ECF No. 158 at 4 (citing ECF No. 70-1 at 3). However, as is clear from this statement, the alleged conduct about which Plaintiff complains which "harassed and intimidated him" were primarily focused on his supervisors controverting his OWCP claim and his supervisor's opposition to his reasonable accommodation request. No allegations of hostile working environment or other broader discriminatory conduct can be reasonably expected to arise from the above affidavit which Plaintiff cites. Therefore, the court did consider whether a claim of hostile working environment could have been reasonably expected to grow out of Plaintiff's EEOC charge and concluded that there was nothing in the charge that would lead to such claim. Additionally, the court also found in the alternative that Plaintiff's amended complaint (ECF No.

4

27) only contains conclusory allegations that he was subjected to a hostile work environment and ruled to dismiss his hostile work environment claim on this independent basis as well. ECF No. 152 at 19–21.

Furthermore, as noted by the court, Plaintiff was on notice that the EEOC investigation was strictly limited to the above two instances of offending conduct because "[i]n the November 20, 2017 EEOC letter titled 'Partial Acceptance/Partial Dismissal of Formal EEO Complaint,' Plaintiff was forewarned that the EEOC only understood that he raised two claims of disability discrimination: (1) [that Plaintiff's supervisor] improperly controverted his OWCP claim with false statements and (2) that [Plaintiff's] request for an accommodation of light duty was denied." ECF No. 152 at 18.[1] The court also noted that Plaintiff was informed by the EEOC that "[i]f you do not agree with the defined accepted issue(s), you must provide a written response specifying the nature of your disagreement[.]" ECF No. 152 at 18 (citing ECF No. 43-7 at 1). Therefore, the court held that Plaintiff "had a duty to object to the framing of his administrative charge" but failed to do so. ECF No. 152 at 18.

On this point, Plaintiff repeatedly complains that the court improperly required Plaintiff to "litigate like a lawyer" before the EEOC for purposes of exhaustion. See ECF No. 158 at 3, 4, 5. However, at least at the time of the filing of his administrative charge, Plaintiff expressed that he was in fact represented by an attorney, and that the only reason that his lawyer's signature did not appear on the EEOC administrative charge was due to communications difficulties owing to the impact of Hurricane María in 2017. ECF No. 43-1 at 1, 3. Regardless, even if Plaintiff was

---

[1] As mentioned above, the court granted Defendant's motion to dismiss with regard Plaintiff's supervisor controverting his OWCP claim not on grounds of exhaustion, but because the court lacks subject matter jurisdiction over claims that are covered exclusively by the jurisdiction of the Federal Employees' Compensation Act (FECA). See ECF No. 152 at 17. Plaintiff does not challenge that determination in his motion for reconsideration, and so is not discussed here.

not represented by counsel, it is not too much to ask a layperson to object and clarify that the offending behavior which he alleges constitutes discrimination was broader than the two narrow matters which were identified by the agency in this case. Plaintiff therefore fails to show that the scope of the EEOC investigation could have been reasonably expected to give rise to broader discrimination or hostile work environment claims than his claim for failure to accommodate due to the denial of his light duty request.

## IV.   Conclusion

In sum, Plaintiff's "Motion for Partial Relief Pursuant to Rule 60(B)(6)" is merely a motion for reconsideration of the court's opinion and order adjudicating Defendant's motion to dismiss. In his motion, Plaintiff only seeks to relitigate issues which were clearly decided by the court in its prior opinion and order, and Plaintiff has not identified any manifest errors of law, presented no new evidence, nor shown an intervening change in the law which warrants a reversal of the court's decision. For the foregoing reasons, Plaintiff's "Motion for Partial Relief Pursuant to Rule 60(B)(6)" is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 14th day of September 2022.

s/Marcos E. López
U.S. Magistrate Judge
